IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN SKINNER, Pro Se,

    Plaintiff,

v.                                                        Civil No. 03-969 WJ/WDS

CITY OF BLOOMFIELD, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendant Drew Standley's Motion to Dismiss Individual Claims and Defendants' Motion to Dismiss Constitutional Claims [Docket No. 18]. Having reviewed the submissions of the parties, I find the motion is well taken in part and will be granted in part. I also find that Plaintiff must clarify her constitutional claims by filing an amended complaint specifically alleging 42 U.S.C. § 1983 as the procedural vehicle for these claims.

Plaintiff's Complaint names the City Bloomfield, the Bloomfield Police Department and Drew Standley as Defendants. Defendant Bloomfield Police Department was dismissed as a party by stipulation of the parties. See Order filed December 1, 2003 [Docket No. 14]. Plaintiff's Complaint alleges violations of Title VII, the First and Fourteenth Amendments, and the Equal Protection Clause of the Fourteenth Amendment. Plaintiff's Complaint makes no mention of 42 U.S.C. § 1983. Plaintiff is a *pro se* litigant.

Defendants urge that Defendant Standley is entitled to dismissal of Plaintiff's Title VII claims. Plaintiff does not contest that Defendant Standley cannot be sued individually under Title

VII.  Therefore, Plaintiff's Title VII claim against Defendant Standley in his individual capacity shall be dismissed.

Defendant's contend that Plaintiff's constitutional claims should be dismissed because Plaintiff has failed to plead that she brings these claims pursuant to 42 U.S.C. § 1983.  Plaintiff's Complaint alleges that she is treated differently in various respects in her employment with the City of Bloomfield because she is female.  These factual allegations are sufficient to state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment.  Plaintiff's Complaint also alleges that she was retaliated against for filing a complaint with Defendants for waste and abuse of public funds and equipment by a high-ranking employee of the City of Bloomfield Police Department.  These factual allegations are sufficient to state a claim for violation of the First and Fourteenth Amendment.  Plaintiff failed to plead that she seeks to use 42 U.S.C. § 1983 as the procedural vehicle to vindicate her constitutional rights.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002) (citing Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001)).  While Plaintiff's failure to mention 42 U.S.C. § 1983 in her Complaint is a defect, it is easily cured by permitting Plaintiff an opportunity to amend her Complaint.  Thus, dismissal is not appropriate.

IT IS THEREFORE ORDERED that Defendant Drew Standley's Motion to Dismiss Individual Claims and Defendants' Motion to Dismiss Constitutional Claims [Docket No. 18] is hereby GRANTED IN PART in that Plaintiff's Title VII claims are dismissed with regard to Defendant Drew Standley.

IT IS FURTHER ORDERED that Defendant Drew Standley's Motion to Dismiss Individual Claims and Defendants' Motion to Dismiss Constitutional Claims [Docket No. 18] is hereby DENIED IN PART with regard to Plaintiff's constitutional claims.  However, Plaintiff is directed to file her motion to amend her Complaint with an attached proposed First Amended Complaint to cure the defect in her Complaint.  Plaintiff is directed to file her motion to amend within 30 days of the date of entry of this Memorandum Opinion and Order.  Finally, while Plaintiff has a right to represent herself, federal civil rights litigation is extremely complicated even for the most knowledgeable and experienced lawyers.  Accordingly, Plaintiff should seriously consider retaining a lawyer experienced in civil rights litigation.

_____
UNITED STATES DISTRICT JUDGE